HowBnp,.,J.
This contest • arises under the 457th Article C. C., which provides, that “ the fruits of an immovable gathered or produced since it was under seizure, are considered as maldng part thereof, and inure to the benefit of the-.person making the seizure;” and the question to be de,termine.d-.is:-;atwhat date-th^ seizure, under which the mortgaged property .of defendants was actually made. The appellants, representatives of plaintiff, contend that it was made on 24th May, 1861; while the appellees, interv.enors and lessees of the property, insist that it was made on 16th November,'-1865. .
.-T-he-'rec.ord shows the following,..facts: ■ On 25th May, 1861, a writ of-seizure and sale issued; on-12th June following, the sheriff of the parish of St. James seized the plantation, and on 26th July, same year, the writ was; arrested by a, suspensive appeal, allowed upon a mandamus from the Supreme Court, which - issued on. the ground that no legal seizure had-been, made.; After which a rule was taken by two of the defendants to obtain possession-from the sheriff, which on 14th January, 1862, was made absolute,, on.the ground that the seizure was illegal and null, from which ruling no appeal.has been taken. On the appeal in the cause, this Court in 1865, affirmed.the judgment of seizure and sale, and ordered the sheriff to seize and sell the property described in the order. An alias writ issued on 13th July, 1865, under which the sheriff seized the property on 2d August following, and on the 24th same month, he returned the said writ not satisfied, in consequence of a military order suspending all proceedings. Aud on the 16th November, 1865, .another alias writ was received by the sheriff, who, in his return, says: “Received the within writ of seizure and sale on the.l6th-November, 1865. On the same day, I seized and took into my possession the within named and described property.” Under this writ the property was sold. ■ It also appears that Denny leased the said plantation to J. & C. Forsyth, intervenors, for two years, beginning on 2d January, 1865, while the appeal was pending.-
From this statement of facts, it is manifest that the District Court-did not err in fixing the 16th November, 1865, as the date of the actual seizure, under which-the property was sold; and as the fruits in controversy were gathered prior to that date, they were properly awarded to the intervenors, whose right to them seems to be fully established.
. We think the record shows that the sheriff did not have possession after the judgment on the rule in January, 1862, ordering the defendants to be ■ put in possession, until he again seized in August, 1865, when he again abandoned possession and seizure, by returning the writ unsatisfied. 1 R. 540.
The appellees have asked an amendment of the judgment, so as to allow them the value of other property claimed by them, and not included in the proceeds of the crop. -This claim is for one-half the value of a sawmill on the place when rented- by the Forsyths, a railway and cars put thereon by them, lumber, cord-wood and corn, amounting to $11,026, ' and it seems not to have'received any consideration in the action'óf the *525 District Judge, further than in reserving intervenors’ rights to all damages incurred.
As the evidence, on this point, is not altogether satisfactory, and counsel for appellees have not referred to the subject in their brief, we will not disturb the judgment in this respect.
It is therefore ordered that the judgment appealed from be affirmed, with costs.